United States District Court
District of Massachusetts

```
_____
                              )
KENNETH S. PIZZO, SR.,        )
        Plaintiff,            )
                              )
        v.                    )   Civil Action No.
                              )   09-10526-NMG
ROBERT R. GAMBEE, and J. PEPPER )
FRAZIER CO., INC.,            )
        Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Kenneth Pizzo, Sr. ("Pizzo") brings suit against Robert Gambee ("Gambee") and his real estate broker J. Pepper Frazier Co., Inc. ("JPFC") for leasing real property located at 7 Wingspread Lane, Nantucket, Massachusetts ("the Property") without disclosing that it was subject to foreclosure proceedings. Before the Court is plaintiff's motion to alter or amend the Court's Memorandum & Order dated December 3, 2010, ("the December M&O") to include an award of attorney's fees.

I.  **Background**

   **A. Factual Background**

In October, 2008, Pizzo entered into a lease with JPFC and Gambee to rent the apparently lavish Property for the summer of 2009 for $475,000. Pizzo made an initial down payment of $237,500, of which approximately $71,000 was to be kept as JPFC's

-1-

non-refundable deposit.  Pizzo had rented the Property on at least two prior occasions.  Unbeknownst to him and undisclosed by defendants, however, Wells Fargo Bank, N.A. ("Wells Fargo") had initiated foreclosure proceedings on the Property in July, 2007.  Plaintiff filed suit after learning of the pending foreclosure sale and upon defendants' refusal to return the $237,500 down payment.

**B. Procedural History**

In April, 2009, plaintiff filed the Complaint, which was served on defendants later that month.  A Notice of Default was entered against defendant Gambee in June, 2009, after he failed to file an answer or otherwise respond.  In September, 2009, the Court issued a final default judgment against Gambee for $712,500 plus costs and pre-judgment interest.  That amount erroneously included an award of treble damages pursuant to Mass. Gen. Laws ch. 93A ("Chapter 93A").

At a hearing in April, 2010, the Court vacated the treble damages award but allowed Pizzo to supplement his claim by submitting further materials for the Court's consideration.  After considering the additional pleadings submitted by both parties, the Court denied defendant Gambee's request to remove the default judgment against him and denied plaintiff's request to impose multiple damages pursuant to Chapter 93A.  The Court did not, however, then address the issue of attorney's fees.

Plaintiff moved to alter or amend the December M&O so as to award him attorney's fees pursuant to Chapter 93A in the amount of $68,038. Defendant Gambee opposed that motion and filed a Notice of Appeal. The First Circuit Court of Appeals issued an Order dated March 1, 2011 (but not received by this Session until May 2, 2011) directing Gambee to file status reports at 30-day intervals with respect to any action taken by this Court on the pending, post-judgment motion.

### III. <u>Analysis</u>

**A.   Timeliness**

Plaintiff moves, pursuant to Fed. R. Civ. P. 59(e), to alter or amend the December M&O and to have the Clerk enter an Amended Separate and Final Judgment.

Pursuant to Fed. R. Civ. P. 59(e), a motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. Similarly, pursuant to Fed. R. Civ. P. 60(b), a motion for relief from a final judgment or order must be made "within a reasonable time". By contrast, pursuant to Fed. R. Civ. P. 54(b), the Court may revise an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties at any time before entry of judgment.

Plaintiff, believing Rule 59(e) to apply, timely moved to alter or amend the December M&O within 28 days. Because, however, the December M&O was an order rather than a judgment and

an amended final default judgment against defendant Gambee has not yet been entered, the Court, in its "sound discretion", may revise the December M&O.  See Campos v. P.R. Sun Oil Co., Inc., 536 F.2d 970, 972 n.6 (1st Cir. 1976).  Having determined plaintiff's motion is not untimely, the Court turns to the substantive issue of attorney's fees.

**B.  Attorney's Fees**

Pursuant to Chapter 93A, § 9(4), if the Court finds that there has been a violation of that Chapter, the plaintiff "shall...be awarded reasonable attorney's fees and costs incurred in connection with said action."  The amount of a reasonable attorney's fee awarded on the basis of statutory authority is within the Court's discretion.  Fontaine v. Ebtec Corp., 613 N.E.2d 881, 890-91 (Mass. 1993).  The factors the Court should consider include, inter alia, the nature of the case and issues presented, the time and labor required, the experience, reputation and ability of the attorney and the usual price charged for similar services.  See, e.g., Linthicum v. Archambault, 398 N.E.2d 482, 488 (1979); Heller v. Silverbranch Constr. Corp., 382 N.E.2d 1065, 1071 (1978).

The default entered against Gambee established a violation of Chapter 93A.  See Multi Tech., Inc. v. Mitchell Mgmt. Sys., Inc., 518 N.E.2d 854, 856-57 (Mass. App. Ct. 1988) (stating factual allegations of complaint are accepted as true upon

default).  Thus, as the prevailing party, Pizzo is entitled to reasonable attorney's fees and costs.  Mass. Gen. Laws ch. 93A, § 9(4).

In support of his motion for attorney's fees, however, plaintiff merely provides an affidavit of counsel that states:

> As of June 30, 2010, Pizzo had accrued $68,037.58 in attorneys' fees and costs for Massachusetts counsel as a result of Defendant Gambee's conduct, including the costs of prosecuting this action.

Plaintiff fails to provide any back-up information or documentation (e.g. hourly rates and invoices) in support of his claim.  On the basis of the attorney's affidavit alone, the Court is unable to determine whether reimbursement of the incurred fees is reasonable.  The Court will, therefore, afford plaintiff an opportunity to supplement his request for attorney's fees.

## ORDER

In accordance with the foregoing, plaintiff's motion to alter or amend the December M&O (Docket No. 71) is **RETAINED UNDER ADVISEMENT**.  Plaintiff shall file additional materials supporting his request for attorney's fees and costs on or before May 27, 2011, to which defendant Gambee may file an opposition, if any, on or before June 10, 2011.

**So ordered.**

                                         /s/ Nathaniel M. Gorton
                                         Nathaniel M. Gorton
                                         United States District Judge

Dated May 12, 2011