United States District Court
District of Massachusetts

```
_____
                              )
KENNETH S. PIZZO, SR.,        )
      Plaintiff,              )
                              )
      v.                      )    Civil Action No.
                              )    09-10526-NMG
ROBERT R. GAMBEE, and J. PEPPER )
FRAZIER CO., INC.,            )
      Defendants.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is plaintiff's motion for an award of attorney's fees.

**I.  Background**

Plaintiff Kenneth Pizzo, Sr. ("Pizzo") brought suit against Robert Gambee ("Gambee") and his real estate broker J. Pepper Frazier Co., Inc. ("JPFC") for leasing real property located at 7 Wingspread Lane, Nantucket, Massachusetts ("the Property") without disclosing that it was subject to foreclosure proceedings. In September, 2009, a default judgment was entered against Gambee for a violation of Mass. Gen. Laws ch. 93A ("Chapter 93A").

Pending before the Court is plaintiff's motion to amend the Court's Memorandum & Order dated December 3, 2010, ("the December M&O") to include an award of attorney's fees. In a Memorandum &

Order dated May 12, 2011 ("the May M&O"), this Court determined that Pizzo, as the prevailing party, is entitled to reasonable attorney's fees and costs pursuant to Chapter 93A, § 9(4) and directed plaintiff to file additional materials from which the Court could determine whether reimbursement of the incurred fees is reasonable.  Plaintiff subsequently filed supporting documentation to which defendant has not responded despite being afforded an opportunity to do so.  The sole issue before the Court is the reasonableness of the attorney's fees and costs requested by plaintiff.

## II. Attorney's Fees

### A. Legal Standard

The amount of reasonable attorney's fees awarded on the basis of statutory authority is within the Court's discretion. Fontaine v. Ebtec Corp., 613 N.E.2d 881, 890-91 (Mass. 1993). The fees to be awarded to plaintiff are to be in an amount equal to what "the services were objectively worth."  Star Fin. Servs., Inc. v. AASTAR Mortg. Corp., 89 F.3d 5, 16 (1st Cir. 1996) (citing Heller v. Silverbranch Constr. Corp., 382 N.E.2d 1065, 1071 (Mass. 1978)); see also Trenwick Am. Reinsurance Corp. v. IRC, Inc., 2011 WL 2009919, *2 (D. Mass. May 23, 2011) (explaining that reasonable attorney's fees under Chapter 93A are determined using "less structured, more flexible approach" of Linthicum v. Archambault, 398 N.E.2d 482 (Mass. 1979), rather

than more formal lodestar method). The factors the Court should consider include: the nature of the case and issues presented, the difficulty of the legal and factual issues involved, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation, ability and competence of the attorney, the usual price charged for similar services by other attorneys in the same area and the amount of awards in similar cases. See, e.g., Linthicum v. Archambault, 398 N.E.2d 482, 488 (Mass. 1979); Heller, 382 N.E.2d at 1071.

**B. Application**

Plaintiffs' motion requested attorney's fees in the amount of $68,038 plus interest, whereas the supporting documentation more recently submitted to the Court requests attorney's fees in the amount of $69,854 and costs in the amount of $2,415, for a total of $72,269. The reason for the discrepancy is unclear but, in any event, the Court turns to the reasonableness analysis.

As an initial matter, because a single chain of events gave rise to both the common law and Chapter 93A claims, apportionment of legal effort between them is unnecessary. See Kherlop v. Domos, 2011 WL 1532112, *5 (Mass. Super. Jan. 24, 2011) (citing Clamp-All Corp. v. Foresta, 763 N.E.2d 60 (Mass. App. Ct. 2002)).

Considering the Linthicum factors, the instant case involved straightforward legal issues regarding a default judgment entered against defendant Gambee. Although the default judgment is

clearly favorable to plaintiff, it is attributable to defendant Gambee's failure to respond rather than to the abilities of plaintiff's counsel.  Defendant Gambee's subsequent efforts to remove that default judgment, however, required additional work by plaintiff's counsel and prolonged the case.  Nevertheless, the Court finds it unreasonable to have expended more than 165 hours of time by multiple attorneys in light of a case which was not complex and involved very little in-court time.  See Brown v. Norfolk & Dedham Mut. Fire Ins. Co., 2011 WL 1348435, *4 (Mass. App. Div. Apr. 11, 2011) (finding unreasonable the more than 160 hours expended by multiple attorneys on a Chapter 93A case that included a jury trial).

Although the hourly rates charged by the partner, counsel and associate are high in light of the relative simplicity of the case, they fall within the broad range of rates found reasonable in other cases.  See, e.g., Fronk v. Fowler, 2007 WL 1130381, *5 (Mass. Super. Feb. 23, 2007) (finding hourly rates of $450-575 per partner, $195-360 per associate and $110-195 per paralegal to be high but reasonable in the context of complex commercial litigation).  By contrast, the Court finds the rates charged by the paralegals to be unreasonable.  See id.; see also Ferraro v. Kelley, 2011 WL 576074, *6 (D. Mass. Feb. 8, 2011) (finding $90 hourly rate for paralegal in District of Massachusetts reasonable).

The Court has previously determined that damages in the amount of $237,500 is warranted but that multiple damages under Chapter 93A is not. A comparison of awards in similar cases would not be helpful because this case was resolved by a default judgment rather than on the merits after a dispositive motion or trial.

Plaintiff has provided legal invoices which have been redacted on the basis of privilege. A party may assert privilege under the attorney-client or work product doctrines in certain information contained in legal bills. See, e.g., In re Grand Jury Subpoenas, 123 F.3d 695, 699 (1st Cir. 1997) (explaining content rather than form of information matters for purpose of asserting privilege); Hanover Ins. Co. v. Rapo & Jepsen Ins. Servs., Inc., 870 N.E.2d 1105, 1114 (Mass. 2007) (discussing privilege in context of bill for legal services). Plaintiff, however, bears the burden of providing sufficiently detailed documentation from which the Court may determine the reasonableness of the fees requested. See Janney Montgomery Scott LLC v. Tobin, 692 F. Supp. 2d 192, 197 (D. Mass. 2010) (rejecting vague documentation and noting applicant bears burden of providing sufficiently detailed description and documentation).

Here, the Court's ability to determine the reasonableness of the fees is hindered by plaintiff's extensive redaction of the

documentation submitted.  Such redactions pervade the 40 pages of invoices submitted, making it impossible to determine whether the hours spent on particular tasks were reasonable.  See Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 837 N.E.2d 1121, 1137 (Mass. 2005) (giving similar examples of redaction and noting "plaintiffs had blackened out references to virtually every detail of the computerized entries, including general subjects of legal research, conferences, and telephone conversations").  Indeed, the Court may disallow a portion of the compensation requested where "the substance of the work was elusive" based on the documentation submitted.  See id. at 1137-38.

Thus, with respect to attorney's fees, the Court finds $45,000, rather than the requested $68,038, to be reasonable in light of the Linthicum factors.  The Court has reviewed the invoices before it and is not required to make a line-by-line determination but rather may consider the bill as a whole.  See id. at 1139 (citation omitted).

With respect to costs, the Court has reviewed the records and finds the costs to be reasonable with one exception.  On the invoice dated October 5, 2010, it is unclear why the "subtotal disbursements" is $25 while the only disbursement listed is in the amount of $3.26.  Accordingly, the Court will reduce the awarded costs by $22, i.e. to $2,393.

In sum, the Court finds that an award of attorney's fees and costs in the total amount of $47,393 ($45,000 for attorney's fees and $2,393 for costs) is reasonable and appropriate in this case.

### ORDER

In accordance with the foregoing, plaintiff's motion to amend the December M&O (Docket No. 71) is **ALLOWED** and an amended separate and final judgment shall enter to award damages in the amount of $237,500, plus attorney's fees and costs in the amount of $47,393, plus interest.

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated June 20, 2011